| t CALOGERO, Chief Justice,
concurs in the denial of the writ of application and assigning reasons:
I’m agreeing with the majority’s decision to deny this writ application, not because I necessarily believe that the Court of Appeal was right in finding that The Shipping Post is not “a bonafide commercial mailing service,” but because at the time the Court of Appeal originally denied the writ application on July 29, 2002, the Uniform Rules — Courts of Appeal 2-13 did not allow an applicant to prove that a writ application was timely'mailed by any method other than an official receipt or certificate of the United States Postal Service. The amendment to that rule, allowing parties to prove the timely mailing of a writ application with an official receipt or certificate of a “bonafide commercial mail service such as Federal Express or United Parcel Service” was not adopted until October 29, 2003. The amendment should not be given retroactive effect to enliven a concluded case rejected by the Court of Appeal.
*1066 I would also note that the amendment to Uniform Rules — Court of Appeal 2-13, allowing applicants to prove the timely filing of a writ application with an official receipt or certificate of a “bonafide commercial mail service such as Federal Express or United Parcel Service” is, in my opinion, ill-advised because it creates uncertainty and ambiguity, as demonstrated by this case. Since the term “bonafide commercial 1 ¡.mail service” is not defined, litigants have no criteria, other than the phrase “such as Federal Express or United Parcel Service” for determining which services qualify as “bonafide commercial mail services.” The Court of Appeal in this case referred to The Shipping Post as “a local mail depositary,” and specifically found that such a depository “is not the same as ‘a bonafide commercial mail service”; however, the distinction between the two phrases is oblique. The Uniform Rules should inform litigants of the requirements in a clear and straight-forward manner. Another problem with the amended rule is that it provides that parties can provide timely filing with a receipt or certificate from an entity that qualifies as a “bonafide commercial mail service such as Federal Express or United Parcel Service.” Does that mean that the writ will be considered timely filed if the party produces such a receipt or certificate, even if the papers are never delivered to the court?
If the current version of Uniform Rules — Courts of Appeal 2-13 is to be retained by the Courts of Appeal, consideration should be given to providing more guidance for determining which businesses qualify, either through the listing of businesses that qualify or through the listing of the qualifications to be met by those businesses. In fact, I would consider it preferable for the Courts of Appeal to delete the October 2002 amendment and return to the prior rule which tracks this court’s rule concerning the filing of papers. Such a rule would not recognize any substitute for a postmark except a certificate from the United States Postal Service, and would not allow commercial carriers to be treated like the United States Postal Service.